**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LIONEL B. MCCLAIN**                                                            **PLAINTIFF**

**V.**                                   **CIVIL ACTION NO. 3:14CV366-HTW-LRA**

**MOLLY LASTER, ET AL**                                         **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lionel B. McClain filed this lawsuit on May 5, 2014, naming approximately 17 persons as defendants, including a Scott County circuit judge, a justice court judge, the circuit clerk, his parole officers, and the Sheriff and officers who were involved in his arrest. Plaintiff was directed to file an Amended Complaint, and he did so on June 9, 2014 [5]. He was granted *in forma pauperis* status by Order [8] filed August 5, 2014, and referred to Rule 4 of the Federal Rules of Civil Procedure for information regarding the service of the summonses and the Complaint on the 17 persons named as defendants. McClain has not provided the full names and addresses of defendants or caused process to be issued.

On March 4, 2015, this Court conducted an omnibus hearing in this case in order to determine whether McClain's complaint should proceed. A court must "dismiss [an IFP] case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A district court may consider, *sua sponte*, "affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings." *Alit v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

Plaintiff's initial Complaint [1] is quoted verbatim in part as follows:

> ... STATEMENT OF CLAIM. I sent my case to the aclu civil liberties union of ms they replies they don't do civil suits and

> they replied for me to put my case in this civil suits courts. My write up will be on a different papers.
>
> ...RELIEF. I am seeking or will be 16 million dollars due to the stress and mental and physical as well as punitive damages. ...

Complaint [1], p. 5.

After being directed to do so, McClain filed his 14-page Amended Complaint. Attached to the complaint is an "arrest card" against McClain dated December 8, 2008, charging him with one count of possession of a controlled substance, one count of possession of a weapon by a felon, and one count of the sale of a controlled substance. All of the allegations contained in this Amended Complaint refer to these 2008 arrests and his subsequent probation revocation on June 16, 2009, due to the arrests. On pages 10 and 11 of his Amended Complaint, McClain refers to the years 2013 and 2014, contending that he suffered from a heart attack in 2013 and was released from prison in 2014.

McClain testified under oath regarding his claims against these 16 named individual defendants, as well as the Mississippi Department of Corrections. According to McClain, all of his troubles started in 2005 and 2006 when he was charged with an aggravated assault. Then, in 2008, he was arrested for breaking into the home of an elderly lady, for whom he had done some yard work. McLain asked to voluntarily dismiss that individual as a defendant at the hearing. The offense report was dated November 4, 2008, for a crime that allegedly occurred on December 4, 2008. The master arrest card was dated December 8, 2008.

Carlos Dupuma came to arrest McLain on December 6, 2008, and there were falsified documents in the search warrants, McLain charges. Steve Crotwell and Henry Minor, police officers, signed the search warrant. Crotwell had paid a snitch to come to McClain's house

to purchase pills, and then to purchase illegal guns, according to McClain. McClain asserts that he was acquitted of all charges regarding the drugs and the burglary.

Apparently, Judge Cotton revoked McClain's probation from another conviction due to these charges. Henry Minor, Josh Haymen, David Ingram, Mark Merchant, Russell Ellis, and Scotty Thompson were all police officers who conducted an illegal search and seizure of McClain and falsely accused him of all these charges. Kim Hughes and Sandy Davis were his probation officers who used bad faith and made false allegations to get McClain's probation revoked.

Joe Rigby was the circuit clerk, and he falsified documents, according to McClain. Jimmy Rogers was the Chief of Police in Morton who came in with his "crew" to conduct the illegal search and seizure. Brandon King was the "snitch" and "pillhead," who told him that Crotwell paid him $20 to set McClain up. Justice Court Judge Wilbur McCurdy bound McClain over to the grand jury illegally, according to McClain. Much of the evidence was tampered with in the trial, and Judge McCurdy "made everything official."

McClain sued MDOC because they kept him in prison with a false social security number. He named his attorney in his Amended Complaint as a defendant, Sean Harris. According to McClain, Mr. Harris did not object to anything at trial, and he should have gotten the revocation dismissed after McClain was acquitted.

McClain testified under oath that everything that happened in this case occurred in 2008. Liberally construed, he charges that all these defendants conspired to conduct an illegal search and seizure of him and to falsely arrest him. Apparently, McClain waited to file this civil lawsuit until after he was released from prison, sometime in 2013 or 2014.

Liberally construed, McClain's complaint contains constitutional tort claims against state officials, cognizable under 42 U.S.C. §1983. That statute provides no specified federal

3

statute of limitations. For claims made pursuant to this civil rights statute, the limitations period is governed by the law of the state in which the action is filed. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992).

To determine the applicable statute, "federal courts borrow the forum state's general or residual personal injury limitations period." *Rodriguez,* 963 F.2d at 803; *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *see also Wilson v. Garcia*, 471 U.S. 261, 272, 279-280 (1985). For cases brought in Mississippi, the three-year statute of limitations of MISS. CODE ANN. § 15-1-49 (Supp. 2005) applies. *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990); *Shelby v. McAdory*, 781 F.2d 1053, 1054 (5th Cir. 1986).

Proscribed claims are properly dismissed as frivolous. See, e.g., *Brown v. Pool*, 79 F.App'x 15, 17 (5th Cir. 2003); *Gonzales*, 157 F.3d at 1019-20; *Ramon v. Rodriguez Mendoza*, No. 09-50607, 2010 WL 1287062, *1 (5th Cir. Apr. 1, 2010); *Favre v. Mississippi*, No. 1:10cv32, 2010 WL 2025533 (S.D. May 19, 2010). A district court may *sua sponte* dismiss a complaint as frivolous on statute of limitations grounds if it is clear from the face of a complaint that the claims are time-barred. *Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994). The court is not required to give a plaintiff the opportunity to respond to the time-bar issue prior to dismissing his complaint. *Brown*, 79 App'x at 17.

In the instant case, the Court did provide McClain with an opportunity to explain his claims in person and to address the issue of timeliness. McClain testified clearly that all of his claims relate to his 2008 arrest, and the events that led up to that arrest and the resulting trial and probation revocation. The supporting documents he filed all reveal that the events occurred in 2008. Yet, McClain did not file this lawsuit until May 5, 2014, some six years later. While Mississippi law governs the applicable limitations period, "the accrual date of

4

a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). An action accrues when a plaintiff has a "complete and present cause of action." *Id.* The limitations period begins to run when a plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured; actual knowledge is not required. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2010). The federal courts use the forum state's applicable tolling provisions. *Rodriguez v. Holmes*, 963 F.2d 99, 803 (5th Cir. 1992). And, the courts in this district have ruled that Mississippi law does not afford a tolling provision for incarceration. *Flowers v. Barlow*, No. 3:14cv749-CWR, 2014 WL 6982653, *1-2 (S.D. Miss., Dec. 9, 2014) (citations omitted). Neither does the "ignorance of ... legal rights, or failure to seek legal advice" toll the statute of limitations. *Id.* at 2 (citations omitted).

McLain was aware of all the circumstances surrounding his arrest and probation revocation at least by 2009, according to his own testimony. Although he was in prison until 2013 or 2014, being in jail did not toll the applicable statute of limitations. Because his complaint was not filed within three years of when the cause of action accrued, McClain may not proceed with his claims.

For these reasons, the undersigned recommends that the Complaint be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(b) as legally frivolous.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as

amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 27th day of October 2015.

s/ Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE